UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AERO HEC ACQUISITION I, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS BRANSFORD and PATRICIA BRANSFORD, <br><br> Defendants. | DOCKET NO. |

# VERIFIED COMPLAINT

## PARTIES

1. Plaintiff Aero HEC Acquisition I, LLC ("Aero") is a Delaware limited liability company with a registered agent address at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

2. Defendant Thomas L. Bransford is an individual who resides at 25 Broad Street, Apt. 8i, New York, New York 10004 ("Mr. Bransford").

3. Defendant Patricia S. Bransford is an individual who resides at 25 Broad Street, Apt. 8i, New York, New York 10004 ("Mrs. Bransford").

## JURISDICTION

4. The amount in controversy in this case, exclusive of interests and costs, is in excess of $75,000.00.

29067704-v2

5. This action is properly before this Court pursuant to its diversity jurisdiction, 28 U.S.C. § 1332 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

7. This dispute concerns property located at 484 Main Street, Tisbury, Massachusetts (the "Property"). By Quitclaim Deed, on March 25, 2019, Harriet Brownson Sayre McCord, Trustee, conveyed the Property to Defendants Mr. Bransford and Mrs. Bransford (Mrs. Bransford, and with Mr. Bransford, the "Bransfords") for consideration of $1,345,000.00. On March 28, 2019, the Quitclaim Deed was recorded with the Dukes County Registry of Deeds at Book 1491, Page 887. A true and accurate copy of the Quitclaim Deed is attached hereto as **Exhibit A**.

8. On February 12, 2020, the Bransfords granted a mortgage on the Property to Mortgage Electronic Registration Systems, Inc., as nominee for Freedom Mortgage Corporation ("Freedom"), in the amount of $1,207,994.00 recorded with the Dukes County Registry of Deeds at Book 1521, Page 1. ("Freedom Mortgage"). A true and accurate copy of the Freedom Mortgage is attached hereto as **Exhibit B**.

9. On December 15, 2021, Mrs. Bransford granted a Deed of Trust to Noah f/k/a Patch Homes, Inc. ("Noah") on the Property in the amount of $500,000 ("Noah Mortgage"). A true and accurate copy of the Noah Mortgage is attached hereto as **Exhibit C**.

10. On the same day, December 15, 2021, the Noah Mortgage was assigned to Aero ("Assignment"). This Assignment was recorded on July 5, 2022 at the Dukes Registry of Deeds at Book 01630, Page 497. A true and accurate copy of the Assignment is attached hereto as **Exhibit D**.

11. In addition to the Noah Mortgage, Mrs. Bransford signed a Real Estate Purchase Option Agreement ("Option Agreement") with Noah that described the covenants she agreed to in exchange for the Noah Mortgage. A true and accurate copy of the Option Agreement is attached hereto as **Exhibit E**.

12. Mr. Bransford, who is a co-owner as a tenant by the entirety of the Property, was not a signatory to the Noah Mortgage or the Option Agreement.

13. As a condition of the Noah Mortgage, the Bransfords represented to Noah through discussions and the closing documents that Mrs. Bransford would be the sole owner of the Property at the time of the Noah Mortgage closing transaction.

14. In light of these representations made by the Bransfords, Noah entered the Noah Mortgage with Mrs. Bransford, individually.

15. Mrs. Bransford also represented that the Noah Mortgage would be recorded as the second mortgage on the Property. The Escrow Instructions noted that "Noah will hold the second lien position." A true and accurate copy of Noah's Escrow Instructions is attached hereto as **Exhibit F**.

16. On December 15, 2021, the Bransfords also conveyed a subordinate mortgage to the Secretary of Veterans Affairs ("Subordinate Mortgage"), encumbering the Property for an additional $136,487.69. The Subordinate Mortgage was recorded on April 7, 2022 at the Dukes County Registry of Deeds at Book 01620, Page 809. A true and accurate copy of the recorded Subordinate Mortgage is attached hereto as **Exhibit G**.

17. Mrs. Bransford never notified Noah or Aero that she encumbered the Property with the Subordinate Mortgage.

18. The Noah Mortgage was recorded on July 5, 2022 at the Dukes County Registry of Deeds at Book 01630, Page 472. It is recorded as the third mortgage on the Property, behind the Freedom Mortgage and the Subordinate Mortgage.

19. On July 5, 2022, Noah, on behalf of Aero, through counsel, sent Mrs. Bransford a Notice of Alleged Violation pursuant to Section 14.1 of the Option Agreement for violation of the Option Agreement ("First Notice"). A true and accurate copy of this First Notice is attached hereto as **Exhibit H**.

20. Mrs. Bransford failed to cure the violations set forth in the First Notice, so on February 23, 2023, Aero, through counsel, sent Mrs. Bransford a second Notice of Alleged Violation pursuant to Section 14.1 of the Option Agreement ("Second Notice"). In the Second Notice, Aero again notified Mrs. Bransford that she violated the Option Agreement by representing in the Agreement that she was the sole owner of the Property and had good and marketable title to the Property, free and clear of all claims. Aero also notified Mrs. Bransford that she violated Section 12.1 of the Option Agreement when she failed to inform Aero of the execution and recording of the Subordinate Mortgage. A true and accurate copy of this Second Notice is attached hereto as **Exhibit I**.

21. Furthermore, in the Second Notice, pursuant to Section 14.2 of the Option Agreement, Aero again provided Mrs. Bransford the opportunity to cure the issue within 14 days. Aero requested that the Bransfords sign an Amendment to Deed of Trust and Security Agreement and Reaffirmation Agreement to add Mr. Bransford, co-owner of the Property, as party to the Noah Mortgage, Option Agreement, and other option documents associated with the $500,000 mortgage.

22. To this date, the Bransfords have failed to cure the alleged violations of the Option Agreement.

## COUNT I
### (Breach of the Contract - Aero v. Mrs. Bransford)

23. Aero hereby restates and incorporates herein the allegations contained in Paragraphs 1 through 22 of this Complaint.

24. In order to obtain the Noah Mortgage, Option Agreement and other option documents, all Property owners were required to sign the option documents.

25. Mrs. Bransford misrepresented to Noah at the time of closing that she was the sole owner of the Property. She also misrepresented that she was the sole owner of the Property in the Noah Mortgage, Option Agreement, and various other option documents.

26. Even after Mrs. Bransford entered into the Noah Mortgage, when Noah and Aero discovered that the Bransfords did not convey the Property to Mrs. Bransford, individually, Mrs. Bransford represented to Noah and Aero that the Bransfords would soon record a deed conveying the Property so that Mrs. Bransford would be the sole owner. The Bransfords failed to record this deed.

27. Before the Noah Mortgage was recorded, the Bransfords granted and recorded the Subordinate Mortgage. Mrs. Bransford failed to notify Noah or Aero of the granting and recording of the Subordinate Mortgage.

28. Mrs. Bransford's misrepresentations to obtain the Noah Mortgage and her subsequent failure to notify Aero of the Subordinate Mortgage that was recorded before the Noah Mortgage were in breach of the Option Agreement.

29. As a result, Aero has sustained and continues to sustain damages.

## COUNT II
**(Breach of Implied Covenant of Good Faith and Fair Dealing- Aero v. Mrs. Bransford)**

30. Aero hereby restates and incorporates herein the allegations contained in Paragraphs 1 through 29 of this Complaint.

31. The Noah Mortgage, Option Agreement, and other option documents are subject to the implied covenant of good faith and fair dealing.

32. Noah and its successor, Aero, performed their contractual obligations by advancing funds in the amount of $500,000 to Mrs. Bransford.

33. Mrs. Bransford breached her duty by engaging in bad faith in her performance under the Noah Mortgage, Option Agreement, and other option documents.

34. Mrs. Bransford's bad faith conduct includes, but is not limited to: (1) misrepresenting to Noah that she was the sole owner of the Property at the time Noah Mortgage was granted; (2) misrepresenting that she was the sole owner of the Property in the Noah Mortgage, Option Agreement, and various other option documents; (3) failing to inform Noah and Aero that she granted the Subordinate Mortgage; and (4) failing to inform Aero when the Subordinate Mortgage was recorded with the Duke County Registry of Deeds.

35. Mrs. Bransford's bad faith conduct has interfered with Aero's right to receive the benefits of the Noah Mortgage and Option Agreement.

36. As a result of Mrs. Bransford's breach of the implied covenant of good faith and fair dealing, Aero has sustained and continues to suffer damages.

## COUNT III
**(Intentional Misrepresentation – Aero v. Mrs. Bransford)**

37. Aero hereby restates and incorporates herein the allegations contained in 1 through 36 of this Complaint.

38. Mrs. Bransford intentionally misrepresented to Noah that she owned the Property individually at the time the Noah Mortgage was granted. She also intentionally misrepresented that she was the sole Property owner in the Noah Mortgage, Option Agreement, and various other option documents.

39. Noah and Aero reasonably relied on Mrs. Bransford's representations when they advanced funds in the amount of $500,000 dollars secured by the Property.

40. As a result of Mrs. Bransford's intentional misrepresentations, Aero suffers and continues to suffer damages.

## COUNT IV
### (Fraud in the Inducement – Aero v. The Bransfords)

41. Aero hereby restates and incorporates herein the allegations contained in Paragraphs 1 through 40 of this Complaint.

42. Both Mr. and Mrs. Bransford misrepresented to Noah that at the time of the Noah Mortgage closing transaction, Mrs. Bransford would be the sole owner of the Property.

43. In reliance of the Bransfords' representations, Noah entered the Noah Mortgage with Mrs. Bransford, individually, and advanced funds in the amount of $500,000. The funds were used to benefit both Mr. and Mrs. Bransford.

44. As a result of this reliance, Aero, assignee of the Noah Mortgage, now holds a mortgage on the Property only secured by Mrs. Bransford's interest in the Property. As a result, Aero suffers and continues to suffer damages to its detriment.

## COUNT V
### (Unjust Enrichment – Aero v. Mr. Bransford)

45. Aero hereby restates and incorporates herein the allegations contained in Paragraphs 1 through 44 of this Complaint.

46. Mr. Bransford has been unjustly enriched at Aero's expense inasmuch as he has received the benefit of the proceeds from Aero that he has used to make improvements to the Property without providing Aero with any compensation for said proceeds.

47. Equity requires that Aero receive compensation, in the form of security in Mr. Bransford's interest in the Property or otherwise, for the benefit received by him.

## COUNT VI
### (Equitable Lien – Aero v. Mr. Bransford)

48. Aero hereby restates and incorporates herein the allegations contained in Paragraphs 1 through 47 of this Complaint.

49. Based upon the allegations set forth in this Complaint, Aero is entitled to an equitable lien on Mr. Bransford's interest in the Property.

## COUNT VII
### (Declaratory Judgment – Aero v. The Bransfords)

50. Aero hereby restates and incorporates herein the allegations contained in Paragraphs 1 through 49 of this Complaint.

51. A controversy exists among the parties to this action concerning their rights, titles, and interests in the Property and the relative priorities of those rights, titles, and interests.

52. Aero seeks a binding declaration that its interest in the Property is superior in right, duty, status, and other legal relations to those of any other party.

**WHEREFORE**, the Plaintiff, Aero HEC Acquisition I, LLC, requests that this Court enter Judgment as follows:

1. Enter judgment in favor of Aero HEC Acquisition I, LLC on all counts.

2. Enter judgment declaring that Aero HEC Acquisition I, LLC's right, title and interest in the Property is superior to the right, title and interest of Defendants in the Property.

3. Enter judgement declaring that the Noah Mortgage encumbers a 100% interest in the Property;

4. In the alternative, enter a judgment declaring that Aero holds an equitable lien on the Property;

5. Award Aero its actual and compensatory damages, plus interest.

6. Award Aero its reasonable attorneys' fees and costs incurred in this action.

7. Grant such other and further relief as the Court deems fair and just.

**PLAINTIFF,**
**AERO HEC ACQUISITION I, LLC**
By its attorneys,

/s/ Danielle Andrews Long

_____
Danielle Andrews Long (BBO #646981)
dlong@rc.com

/s/ Taz Islam

_____
Tasnuva (Taz) Islam (BBO #698370)
tislam@rc.com
ROBINSON & COLE LLP
One Boston Place, 25th Fl.
Boston, MA  02108
(617) 557-5900

Dated:  March 25, 2024

**VERIFICATION**

I, Richard Ho, Authorized Signatory of Aero HEC Acquisition I, LLC, being duly sworn, depose and say that I have read the foregoing Complaint and know its contents; that the facts stated therein are true to my own knowledge and no material facts have been omitted; and that I verify this Complaint on behalf of the Plaintiff in this action, Aero HEC Acquisition I, LLC.

Signed under the penalties of perjury this  19th  day of March 2024.

_____
Name: Richard Ho
Title: Authorized Signatory