# EXHIBIT C

# Dukes County Registry of Deeds

# Electronically Recorded Document

This is the first page of the document - Do not remove

---

## Recording Information

| | |
|---|---|
| Document Number | : 4356 |
| Document Type | : MTG |
| Recorded Date | : July 05, 2022 |
| Recorded Time | : 09:06:43 AM |
| Recorded Book and Page | : 01630 / 472 |
| Number of Pages(including cover sheet) | : 15 |
| Receipt Number | : 243929 |
| Recording Fee | : $205.00 |

**Dukes County Registry of Deeds**
**Paulo C. DeOliveira, Register**
**81 Main Street**
**PO Box 5231**
**Edgartown, MA 02539**
**508-627-4025**
**www.Masslandrecords.com**

Noah

Noah Offer ID: 104166

**After Recording Return To:**

Noah (fka Patch Homes Inc.)
6621 California Street, Lower Unit
San Francisco, CA 94121

**Prepared by:**

Noah (fka Patch Homes Inc.)

Property Address:
484 Main St Tisbury, MA 02568

# DEED OF TRUST (NON-RECOURSE) AND SECURITY AGREEMENT

**Effective Date:** 12/15/2021

This Deed of Trust ("Deed of Trust" or "Security Instrument") is made by

Patricia S. Bransford as a Married Woman and her separate property **("Trustor" or "Optionor")** to Spruce Title Company **("Trustee")** whose address is 601 University Avenue, Suite 254, Sacramento, CA for the benefit of Noah (fka Patch Homes Inc.), and its successor and assignees **("Beneficiary" or "Optionee")** with its principal place of business at 6621 California Street, Lower Unit, San Francisco, CA 94121.

Noah

Noah Offer ID: 104166

## DEFINITIONS

Capitalized terms used in this Security Instrument shall have the meanings specified in this Security Instrument, or if not defined herein, in that certain Noah Real Estate Purchase Option Agreement dated as of the Effective Date ("Option Agreement") executed by Trustor as owner, and Beneficiary as investor, concurrently with this Security Instrument.

1. **Grant Trust.** TRUSTOR HEREBY IRREVOCABLY grants, conveys, transfers and assigns to Trustee, and its successors and assignees, in trust, with power of sale, all right title and interest which Trustor now has or hereinafter may acquire in that certain real property ("**Real Property**") located in Dukes County, State of Massachusetts, described in Exhibit A attached hereto and made a part hereof.

   Together with all improvements, replacements and additions now or hereafter erected on the Real Property and all easements, appurtenances and fixtures now or hereafter a part of the Real Property. (The fixtures, improvements and the Real Property are collectively referred to as the "**Property**.")

   Together with all rents, issues, profits and proceeds, including without limitation insurance and condemnation proceeds from the Real Property, subject, however, to the right, power and authority given to the conferred upon Beneficiary below to collect and apply such rents, issues and profits.

2. **Secured Obligations.** Trustor makes the grant, transfer and assignment set forth in the "Grant in Trust" Section above for the purpose of securing the following obligations (collectively, the "**Obligations**"):
   a. the performance and payment of all obligations of Trustor under the Option Agreement, including without limitation, the following:
      i. payment of all monies paid by Beneficiary on Trustor's behalf pursuant to Section 13 of the Option Agreement;
      ii. payment of all insurance proceeds owed to Beneficiary pursuant to Section 14 of the Option Agreement;
      iii. payment of all amounts owed to Beneficiary pursuant to Section 2 of the Option Agreement;
      iv. payment of all amounts owed to Beneficiary pursuant to Sections 4 or 9 of the Option Agreement;
      v. payment of all sales proceeds owed to Beneficiary in connection with any sale of the Property pursuant to Sections 5 of the Option Agreement;

vi. performance of the obligations of Trustor under Section 11 of the Option Agreement; and

vii. damages arising to, or incurred by, Beneficiary from Trustor's failure to act or interference with Beneficiary's rights pursuant to Section 13 of the Option Agreement. Trustor and Beneficiary agree and acknowledge that the damages that would arise from Trustor's failure to act or interference are uncertain, depend on many factors, and would be extremely difficult to ascertain. Therefore, in a good faith effort to determine a method for reasonably estimating and liquidating the damages which would be incurred by Beneficiary arising from Trustor's interference or failure to act, Trustor and Beneficiary agree to the Liquidated Damages specified in Section 8 below;

b. the performance of the obligations of Trustor contained in this Security Instrument or incorporated by reference;

c. any expenditures made by Beneficiary pursuant to, or under, this Security Instrument; and

d. payment of all fees and expenses, including, without limitation court costs and other dispute resolution costs, attorneys' (including Beneficiary's in-house counsel, if any), and experts' fees and costs (collectively "**Attorneys' Fees**") incurred by Beneficiary in the enforcement and collection of the obligations listed above and the protection of Beneficiary's rights related thereto, whether such fees are incurred in any state, federal or bankruptcy court, and in any bankruptcy case or insolvency proceeding, or otherwise, and whether or not litigation or arbitration is commenced, which are in any way related to this Security Instrument, to the interpretation or enforcement of the parties' rights under this Security Instrument, or to the Property.

Trustor shall not be obligated to repay any part of the Noah Investment Amount (as those terms are defined in the Option Agreement); and therefore, such items shall not be included within the Obligations. The foregoing shall not, however, in any way limit any payments due Beneficiary under the Option Agreement pursuant to its Percentage Share (as defined in the Option Agreement).

3. **Uniform Commercial Code, Security Agreement and Fixture Filing.** This Security Instrument is intended to be and shall constitute a security agreement under the California Uniform Commercial Code for any items of personal property that constitute fixtures or are specified as part of the Property and that under applicable law may be subject to a security interest under the California Uniform Commercial Code. Trustor hereby grants to Beneficiary a security interest in those items to secure the performance and payment of the Obligations.

a. Trustor agrees that Beneficiary may file either this Security Instrument, or a copy of it, or a UCC-1 Financing Statement in the real estate records or other appropriate index and/or in the Office of the Secretary of State of the State of California, as a financing statement for any of the items specified above as part of the Property.

b. This Security Instrument constitutes a financing statement filed as a fixture filing pursuant to the California Uniform Commercial Code, and any similar or successor provisions. For purposes of the fixture filing, the "debtor" is Trustor and the "secured party" is Beneficiary. The goods subject to the fixture filing consist of all equipment and appliances attached to the Property or which are considered a fixture under California law, including all heating, cooling, and ventilation equipment, ducting, appliances, and fixtures; and all plumbing equipment, piping, and fixtures; and all electrical and telecommunications equipment, wiring, cabling, conduit, and fixtures; and all other equipment attached to or used in the operation of the Property, and all proceeds thereof.

c. Beneficiary may file such extensions, renewals, amendments and releases as are appropriate to reflect the status of its security interest.

d. Trustor shall pay all costs of filing such financing statements and any extensions, renewals, amendments, and releases of such statements, and shall pay all reasonable costs and expenses of any record searches for financing statements that the Beneficiary may reasonably require.

e. On any default hereunder Beneficiary shall have the remedies of a secured party under the California Uniform Commercial Code and may also invoke the remedies in Section 7 below. In exercising any of these remedies, Beneficiary may proceed against the items of the Property constituting the Real Property, fixtures or improvements separately or together and in any order whatsoever without in any way affecting the availability of Beneficiary's remedies under the California Uniform Commercial Code or the remedies in Section 7 below.

4. **Assignment of Leases And Rents**. As additional security for the Obligations, Trustor hereby irrevocably, absolutely and unconditionally assigns to Beneficiary all of Trustor's right, title and interest in and to all existing and future leases, subleases and licenses relating to the use, occupancy or enjoyment of all or any part of the Property and all rents, income, revenues, profits, proceeds and earnings now or hereafter payable with respect to the ownership, use or occupancy of the Property (collectively the "**Rents**"):

a. Trustor hereby gives to, and confers upon, Beneficiary the right, power and authority, during the continuance of this Security Instrument, to collect the Rents, reserving unto Trustor the right, prior to any default by Trustor in

payment of the Obligations secured hereby or in performance of any agreement hereunder, to collect and retain such Rents, as they become due and payable.

b. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the Obligations secured hereby, enter upon and take possession of the Property or any part of it, in its own name sue for or otherwise collect such Rents, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including Attorneys' Fees to the Obligations secured hereby, and in such order as Beneficiary may determine.

c. The entering upon and taking possession of the Property, the collection of such rents, issues and profits and the application of such rents, issues and profits pursuant to this Security Instrument, shall not cure or waive any default or notice of default under this Security Instrument or invalidate any act done pursuant to such notice.

d. Nothing in this section shall permit Trustor to lease or rent the Property in contravention of any provision of the Option Agreement; nor shall anything in this section modify any provision in the Option Agreement relating to the use, lease or occupancy of the Property.

5. **Covenants of Trustor Regarding the Property**. Trustor hereby agrees as follows:

a. To appear in and defend any action or proceeding purporting to affect the security of this Security Instrument or the rights or powers of Beneficiary or Trustee: and to pay all costs and expenses of Trustee and Beneficiary (including cost of evidence of title and Attorneys' fees) incurred: (i) in any state, federal or bankruptcy court, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Security Instrument or to collect the Obligations or to protect Beneficiary's rights under this Security Instrument; and/or (ii) in connection with foreclosure upon the collateral granted under this Security Instrument (whether or not suit is filed).

b. To pay: (i) at least ten (10) days before delinquency all taxes and assessments affecting the Property; and (ii) all encumbrances, charges and liens, with interest, on the Property (or any part of the Property), which are prior or could obtain priority to the lien or to the rights granted under this Security Instrument, and all costs, fees and expenses of this Security Instrument.

i. If Trustor fails to make any payment or to do any act as provided in this Security Instrument, Beneficiary or Trustee may (but shall not be obligated to) make the payment or do the act in the required manner and to the extent deemed necessary by Beneficiary or Trustee to protect the security for this Security Instrument, which payments and related expenses (including Attorneys' fees) shall also be secured by this Security Instrument.

ii. Such performance by Beneficiary or Trustee shall not require notice to, or demand on Trustor and shall not release Trustor from any obligation under this Security Instrument.

iii. Beneficiary or Trustee shall have the following related rights and powers: (A) to enter upon the Property for the foregoing purposes, (B) to appear in and defend any action or proceeding purporting to affect the Property or the rights or powers of Beneficiary or Trustee under this Security Instrument, (C) to pay, purchase, contest or compromise any encumbrance, charge, or lien that in the judgment of Beneficiary or Trustee appears to be prior or superior to this Security Instrument, and (D) to employ counsel, and to pay such counsel necessary expenses and costs, including Attorneys' Fees.

c. To pay immediately upon demand all sums expended by Beneficiary or Trustee pursuant to this Security Instrument; and to pay interest on any of the foregoing amounts demanded by Beneficiary or Trustee at the rate specified in Section 3289 of the California Civil Code (or other applicable law); from the date of such demand, not to exceed the maximum rate allowed by law at the time of such demand.

6. **Power of Attorney**. Trustor hereby irrevocably appoints Beneficiary as Trustor's attorney-in-fact (such agency being coupled with an interest), and as such attorney-in-fact Beneficiary may, after providing notice to Trustor pursuant to the Option Agreement, without the obligation to do so, in Beneficiary's name, or in the name of Trustor, prepare, execute and file or record financing statements, continuation statements, applications for registration and like documents necessary to create, perfect or preserve any of Beneficiary's security interests and rights in or to any of the Property, and, upon a default under this Security Instrument, take any other action required of Trustor; provided, however, that Beneficiary as such attorney-in-fact shall be accountable only for such funds as are actually received by Beneficiary.

7. **Default and Foreclosure and Power of Sale**. Upon default by Trustor in the performance of or upon breach by Trustor of any of the rights and obligations that

are secured by this Security Instrument as specified above, Beneficiary may declare all sums secured by this Security Instrument immediately due and payable and may invoke the power of sale and any other remedies permitted by applicable law, including an action in any court of competent jurisdiction to foreclose this Security Instrument as a deed of trust or mortgage. If Beneficiary elects to invoke the power of sale, Beneficiary shall execute and deliver to Trustee, or cause Trustee to execute, a written notice of default and of Beneficiary's election to cause the Property to be sold. Beneficiary also shall deposit with Trustee this Security Instrument and all documents evidencing any expenditures and damages secured by this Security Instrument. Trustee shall cause the notice to be filed in the real property records of the county where the Property is located and shall mail copies of the notice to Trustor as prescribed by applicable law and to all other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law.

a. After the required time period has lapsed following the recordation of said notice of default, and notice of sale has been given as required by law, Trustee without demand on Trustor, shall sell the Property at the time and place specified in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement, at the time fixed by the preceding postponement. Trustee shall deliver to the purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of their truthfulness. Any person, including Trustor, Trustee, or Beneficiary as defined in this Security Instrument, may purchase at such sale.

b. After deducting all costs, fees and expenses (including, without limitation. Attorneys' Fees) of Trustee and of this trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: to Beneficiary, all sums expended under the terms of this Security Instrument, not then repaid, with accrued interest at the amount allowed by law in effect on the Effective Date of this Security Instrument; to Beneficiary, all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

c. Notice provided to Trustor under this Security Instrument shall be to the address specified in this Security Instrument unless otherwise required by law.

d. **Upon completion of the sale as set forth above, there shall be no deficiency against Trustor for any obligations secured hereby, all reimbursements to Beneficiary being derived solely from the proceeds of the Property.**

8. **Liquidated Damages.** Liquidated Damages means a calculation of the Net Option Value using a value for Investor's Price that has been reduced by 20%.

9. **No Waiver**. No previous waiver and no failure, delay or forbearance by Beneficiary in acting with respect to the terms of this Security Instrument shall constitute a waiver of any breach, default, or failure of condition under this Security Instrument or the obligations secured thereby. A waiver of any term of this Security Instrument or of any of the obligations secured thereby must be made in writing and shall be limited to the express written terms of such waiver.

10. **Trustee's Powers.** At any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Security Instrument, and without affecting the personal liability of any person for the performance of the Option Agreement secured hereby, Trustee may: (a) reconvey any part of the Property; (b) consent to the making of any map or plat of the Property; (c) join in granting any casement thereon; and (d) join in any extension agreement or any agreement subordinating the lien or charge of this Security Instrument.

11. **Substitution of Trustee.** Beneficiary, or any successor in ownership of the Obligations, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named or acting under this Security Instrument, which instrument, when executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where the Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from Trustee's predecessor, succeed to all its title, estate, rights, powers and duties. Such instruments must contain the name of the original Trustor, Trustee and Beneficiary under this Security Instrument, the book and page where this Security Instrument is recorded, and the name and address of the new Trustee(s).

12. **Trustee's Compensation.** Trustor shall pay Trustee's fees and reimburse Trustee for expenses in the administration of this trust, including Attorneys' Fees. Trustor shall pay to the Beneficiary reasonable compensation for services rendered concerning this Security Instrument, including without limit any statement of amounts owing under any Obligations.

13. Full Reconveyance. Upon written request of Beneficiary stating that all Obligations have been performed or paid, and upon surrender of this Security Instrument to Trustee for disposition as Trustee in its sole discretion may choose, and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held under this Security Instrument. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness of such recitals. The grantee in such reconveyance may be described as "*the person or persons legally entitled thereto*."

14. **Successors.** This Security Instrument applies to, inures to the benefit of, and binds all parties to this Security Instrument, their heirs, legatees, devisees, administrators, executors, successors, and assignees. The term **"Beneficiary"** shall include any successor or assignee of Beneficiary's rights in the Option Agreement and in this Security Instrument, whether or not named as Beneficiary in this Security Instrument. In this Security Instrument, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

15. **Joint and Several Liability.** If more than one person signs this Security Instrument as Trustor, the obligations of each signatory shall be joint and several.

16. **Multiple Owners.** If there are multiple Trustors of the Property:

    a. this Security Instrument must be signed by each such Trustor;

    b. all rights and powers specified for Trustor in this Security Instrument must be approved and exercised unanimously by all such multiple Trustors;

    c. all such multiple Trustors shall be jointly and severally liable for all liabilities and obligations specified for Trustor under this Security Instrument;

    d. Beneficiary may treat any notice received from any one Trustor as notice from all Trustors.

17. **Revocable Trust.** If any Trustor is/are the trustee(s) of a Revocable Trust (as defined in Exhibit B to the Option Agreement):

    a. all trustees and all trustors of the Revocable Trust must sign this Security Instrument in their capacities as individuals and as trustees and/or trustors of the Revocable Trust, and each trustee and trustor of the Revocable Trust who signs this Security Instrument hereby represents and warrants that all trustees and trustors of the Revocable Trust have been disclosed to Beneficiary;

b. any trustee of the Revocable Trust who is also a trustor of the Revocable Trust need only sign this Security Instrument once for it to be binding on such person both as trustee and as trustor of the Revocable Trust;

c. all rights and powers specified for, and all actions required of, Trustor in this Security Instrument must be approved and exercised unanimously by all trustees of the Revocable Trust;

d. all trustees and all trustors of the Revocable Trust, in their capacities as individuals, shall be jointly and severally liable with Trustor for all liabilities and obligations specified for Trustor under this Security Instrument;

e. all representations and warranties by Trustor in this Security Instrument are made by all trustees of the Revocable Trust on behalf of the Revocable Trust and by all trustees and all trustors of the Revocable Trust in their capacities as individuals;

f. notice required to be given by, or to, any Trustor will be deemed adequately given if given by, or to, any of the trustees of the Revocable Trust using the contact information set forth in this Security Instrument; and

g. Beneficiary may treat any notice received from any one trustee of the Revocable Trust as notice from all trustees of the Revocable Trust and from Trustor.

18. **Acceptance and Representations by Trustee**. Trustee accepts this trust when this Security Instrument, duly executed and acknowledged, is made a public record as provided by law. Trustee is not required to notify any party to this Security Instrument of pending sale under any other deed of trust or mortgage (as appropriate) or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee. Trustor represents and warrants to Holder that: (a) Trustor has good and marketable title to the Property, free and clear of all claims and encumbrances whatever; (b) the lien created by this Security Instrument is a valid lien on the Property; and (c) Trustor will defend the lien of this Security Instrument against all adverse and conflicting claims of any nature whatsoever.

19. **Extent of Lien**. The lien and security interests granted to Beneficiary under this Security Instrument shall encumber Trustor's entire interest in the Property, notwithstanding the fact that the Option Agreement relates to only a fractional interest in the Property.

20. **No Merger**. So long as any of the obligations under the Option Agreement remains outstanding and undischarged, unless Beneficiary otherwise consents in writing, the fee estate of Trustor in the Property or any part thereof (including the estate of Beneficiary after exercising the Option) will not merge, by operation of law or

otherwise, with any other estate in the Property or any part of it, but will always remain separate and distinct, notwithstanding the union of the fee estate and such other estate in Beneficiary or in any other Person.

21. **Governing Law**. This Security Instrument shall be governed by the laws of the State of California.

22. **Remedies Cumulative**. All remedies provided in this Security Instrument are distinct and cumulative to any other right or remedy under this Security Instrument or afforded by law or equity, and may be exercised concurrently, independently or successively.

23. **Severability**. If any provision of this Security Instrument is held to be invalid, illegal, or unenforceable, that invalidity, illegality, or unenforceability will not affect any other provisions of this Security Instrument, and the other provisions will be construed as if the invalid, illegal, or unenforceable provision had never been contained in the Security Instrument.

24. **Captions**. The captions and headings in this Security Instrument are for convenience only and are not to be used to interpret or define the provisions hereof.

25. **Time**. Time is of the essence of each and every term herein.

26. **Integration**. This Security Instrument contains or expressly incorporates by reference the entire agreement of the parties with respect to the matters contemplated herein and supersede all prior negotiations or agreements, written or oral. This Security Instrument shall not be modified except by a written instrument executed by all parties.

Noah

Noah Offer ID: 104166

READ THIS DOCUMENT CAREFULLY BEFORE SIGNING IT. ALL PRIOR ORAL, ELECTRONIC AND WRITTEN COMMUNICATIONS AND AGREEMENTS FROM OR WITH BENEFICIARY, INCLUDING ALL CORRESPONDENCE, OFFER LETTERS, TERM SHEETS, PRINTED MATERIALS, DISCLOSURES, AND THE PRODUCT GUIDE, ARE MERGED INTO AND SUPERSEDED AND REPLACED BY THIS SECURITY INSTRUMENT, THE OPTION AGREEMENT, AND ANY OTHER WRITTEN AGREEMENTS MADE BY AND BETWEEN TRUSTOR AND BENEFICIARY AS OF THE EFFECTIVE DATE.

IN WITNESS WHEREOF, each undersigned Trustor has executed this Security Instrument as of the Effective Date.

Witnesses:

Patricia S Bransford (Seal)

\- Trustor

Trustor Address:

484 Main Street
Tisbury, Massachusetts 02568

**Noah** Noah Offer ID: 104166

## GENERAL ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not to the truthfulness, accuracy, or validity of that document.

STATE OF New York )
) ss.
COUNTY OF New York )

On 15th December, 2021, before me Davain Walker, Notary Public, personally appeared Patricia S. Bransford who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his her/their authorized capacity(is) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of NY that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Davain Walker
Notary Public, State of New York
Qualified in Westchester County
01WA6410230 (exp:10/19/2024)

Signature [signature]

(seal)

## EXHIBIT A

### LEGAL DESCRIPTION

That certain real property situated in the City of Tisbury, County of Dukes, State of Massachusetts, described as follows:

The land with the buildings, structures and improvements thereon, situated in the Town of Tisbury, County of Dukes County, and Commonwealth of Massachusetts, shown as "Lot 11.87 acres+" on a certain plan entitled "Plan of Land in Tisbury, Mass. Prepared For the 484 Main Street Realty Trust Scale l" = 40' July 15, 2016" prepared by Schofield, Barbini & Hoehn, Inc., and recorded in the Dukes County Registry of Deeds in Plan Book 18, Page 44 (the "Plan").

Grantees by acceptance and recording of this deed agree to the restrictions and covenants attached to this deed and made a part hereof. Grantees by acceptance and recording of this deed acknowledge and confirm that Grantees shall have no rights over the "asphalt driveway" shown on the Plan which is located on Lot 2 as shown on the Plan. The parcel is conveyed subject to, and together with the benefit of, all rights, easements, covenants, restrictions and other matters of record, to the extent the same are in force and applicable.

Tax Parcel No.: 4 B 17

[end of legal description]
Source of Title: Book 1491 Page 887



ATTEST: Paulo C. DeOliveira, Register